IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**CLYDE WALLACE**                                                                                               **PETITIONER**

v.                              NO. 4:22-cv-01067-JM-PSH

**DEXTER PAYNE**                                                                                                **RESPONDENT**

RECOMMENDATION

INSTRUCTIONS

The following Recommendation has been sent to United States District Judge James M. Moody, Jr. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

## DISPOSITION

In this case, petitioner Clyde Wallace ("Wallace") challenges his 2018 negotiated plea of guilty in Garland County Circuit Court ("trial court") and does so by means of a petition for writ of habeas corpus pursuant to 28 U.S.C. 2254. It is recommended that the motion to dismiss filed by respondent Dexter Payne ("Payne") be granted and this case be dismissed without prejudice. Wallace failed to obtain authorization from the United States Court of Appeals for the Eighth Circuit ("Court of Appeals") to file his petition. Until he does so, his petition cannot be considered.

The record reflects that in January of 2018, Wallace entered a negotiated plea of guilty in the trial court to second-degree sexual assault. A sentencing order was filed the following month. Wallace then began challenging his plea by filing several post-conviction proceedings that need not be summarized here but will be noted below as necessary.[1] It is enough to note that his attempts at gaining state post-conviction relief proved unsuccessful.

---

[1] In adopting the undersigned's recommendation to dismiss Wallace's first petition pursuant to 28 U.S.C. 2254, United States District Judge James M. Moody, Jr., summarized the series of post-conviction proceedings Wallace prosecuted. See Wallace v. Payne, No. 4:21-cv-00251-JM-PSH, 2021 WL 4220777, 1, 3 (E.D. Ark. July 8, 2021), report and recommendation adopted, Wallace v. Payne, No. 4:21-cv-00251-JM, 2021 WL 4200798 (E.D. Ark. Sep. 15, 2021).

In March of 2021, Wallace filed his first petition pursuant to 28 U.S.C. 2254. In the petition, he challenged the voluntariness of his negotiated plea of guilty on the grounds that he is actually innocent, the evidence is insufficient to support his plea, a police officer falsified arrest reports and documents, and Wallace was never accorded a hearing of any kind prior to his plea. United States District Judge James M. Moody, Jr., dismissed the case in September of 2021. See Wallace v. Payne, No. 4:21-cv-00251-JM-PSH, 2021 WL 4220777 (E.D. Ark. July 8, 2021), report and recommendation adopted, Wallace v. Payne, No. 4:21-cv-00251-JM, 2021 WL 4200798 (E.D. Ark. Sep. 15, 2021). Judge Moody found that Wallace's petition was untimely, and there was no reason for tolling the one-year limitations period or otherwise excusing the untimely filing of the petition. A certification of appealability was denied, and no appeal was taken.

In November of 2022, Wallace began the case at bar. In the petition, he challenged the voluntariness of his negotiated plea of guilty on the following four grounds: (1) the State of Arkansas breached the negotiated plea agreement when he later learned that he would be required to serve his full sentence, (2) he received ineffective assistance of counsel, (3) his attorney has a history of giving erroneous advice about parole eligibility, and (4) Wallace's plea was induced by coercion and unkept promises.

Payne responded to the petition by filing the pending motion to dismiss. See Docket Entry 9. In the motion, Payne maintained, in part, that Wallace's petition should be dismissed because the petition is a second or successive petition pursuant to 28 U.S.C. 2254, and Wallace did not obtain authorization from the Court of Appeals to file his petition.[2]

Wallace filed a response to the motion to dismiss and attempted to explain why his petition should not be dismissed. He maintained, inter alia, that he only recently learned of the claims at bar and could not have raised them in his first federal habeas corpus petition. He maintained that he has been denied access to court documents from his criminal case, and his state habeas corpus petition has been pending in the trial court for approximately two years. In addition, he noted that he has difficulty reading and writing.

The filing of a second or successive petition is governed by 28 U.S.C. 2244(b)(3)(A). It provides that before a second or successive petition is filed in the district court, "the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." The phrase "second or successive" is a term of art and not

---

[2] Payne additionally maintained that the petition is barred by the one-year limitations period and, alternatively, the claims contained in the petition are procedurally barred from federal court review.

every petition that is second in time requires authorization. See Williams v. Hobbs, 658 F.3d 842 (8th Cir. 2011). "Where a [petitioner] could not have raised a claim in his first habeas petition because it had not yet arisen, he will be allowed to seek a second habeas petition without first obtaining (...) authorization." See Id. at 853.

The petition at bar is Wallace's second challenge to his 2018 negotiated plea of guilty by means of a petition pursuant to 28 U.S.C. 2254, and he clearly failed to obtain authorization from the Court of Appeals to file the petition at bar. His attempts to explain why the petition should not be dismissed are unpersuasive, and the petition should be dismissed for the following reasons.

First, Wallace knew of his first, second, and fourth claims at bar prior to filing his first federal habeas corpus petition as he raised them in his March of 2019 trial court motion to withdraw his plea. See Wallace v. Payne, No. 4:21-cv-00251-JM, Docket Entry 8-7 (Exhibit 6). The undersigned assumes, without deciding, that he did not know, and could not have known, the factual predicate of his third claim at bar prior to filing his first federal habeas corpus petition. It is extremely unlikely, though, that the claim—his attorney has a history of giving erroneous advice about parole eligibility—is even cognizable in this proceeding.

Second, liberally construing Wallace's pro se pleadings, it might conceivably be possible to construe the claims at bar as new claims. Such claims based on new evidence, though, cannot be raised in a second or successive habeas petition without authorization from the Court of Appeals. See Caroon v. Hammer, No. 13-1646-MJD-FLN, 2013 WL 5359559 (D. Minn. Sept. 24, 2013).

Third, the undersigned accepts Wallace's representation that he has difficulty reading and writing. He has failed to show, though, that those difficulties are so severe he could not have raised his claims at any time prior to the filing of the petition at bar. The difficulties certainly did not prevent him from filing multiple post-conviction proceedings in state court.

Fourth, Wallace's assertion of actual innocence cannot excuse compliance with the authorization requirement. An actual innocence exception to 28 U.S.C. 2244(b)(3)(A) would "nearly eviscerate" the requirement, "as actual-innocence claims are one of only two types of claims that can be authorized at all for consideration in a second-or-successive habeas petition (...)" See Pawliszko v. Dooley, No. 15-3994-ADM-JSM, 2015 WL 9312526, 2 (D. Minn. Nov. 30, 2015), report and recommendation adopted, No. 15-3994-ADM, 2015 WL 9294350 (D. Minn. Dec. 12, 2015) (emphasis in original). See also Solomon v. State of

Arkansas, No. 5:15-cv-05304-TLB, 2016 WL 3945739 (W.D. Ark. July 19, 2016). "In other words, absent reliance on a new retroactively applicable rule, a showing of actual innocence is a prerequisite to certification by an appellate court; it is not an exception to certification." See Pawliszko v. Dooley, 2015 WL 9312526, 2 (emphasis in original).

Fifth, the undersigned assumes, without deciding, that counsel's ineffective representation might excuse compliance with the authorization requirement. Here, though, counsel's ineffectiveness did not prevent Wallace from discovering the factual predicate of his claims at bar and raising them in his first federal habeas corpus petition.

Last, the undersigned assumes, without deciding, that a state trial court's refusal to act on a state habeas corpus petition might excuse compliance with the authorization requirement. Here, though, the trial court's failure to act on Wallace's state habeas corpus petition did not prevent Wallace from discovering the factual predicate of his claims and raising them in his first federal habeas corpus petition.

The petition at bar is a second or successive petition, and Wallace was required, but failed, to obtain authorization from the Court of Appeals to file the petition. It is therefore recommended that Payne's motion to dismiss be granted and Wallace's petition be dismissed without prejudice.

Wallace must seek, and obtain, authorization from the Court of Appeals before his petition can be considered. All requested relief should be denied, and judgment should be entered for Payne. A certificate of appealability should also be denied. See 28 U.S.C. 2253.

DATED this 9th day of March, 2023.

_____
UNITED STATES MAGISTRATE JUDGE